IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY ALLEN PETERSIN,

                Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security
Administration,

                Defendant.

OPINION and ORDER

21-cv-768-jdp

---

Plaintiff Gregory Allen Petersin seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Petersin was not disabled within the meaning of the Social Security Act. Petersin contends that administrative law judge (ALJ) David Read erred by failing to do the following things: (1) adequately explain why he wasn't crediting Petersin's complaints about pain; (2) specifically identify Petersin's physical limitations; (3) discuss Petersin's alleged need to take naps; and (4) consider the vocational expert's testimony that being off task more than 15 percent of the time would preclude a claimant from working.

The court concludes that the ALJ erred by failing to explain his reasons for discrediting Petersin's subjective complaints. The court will remand the case for reconsideration of that issue.

BACKGROUND

Petersin applied for disability insurance benefits, alleging disability beginning in March 2019. R. 51.[1] In a May 2021 decision, the ALJ found that Petersin suffered from three severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine, left hip tendon repair, and obesity. *Id.* 1. Based on these impairments, the ALJ found that Peterson had the residual functional capacity (RFC) to perform light work, with additional physical restrictions. R. 55. The ALJ also found that Petersin could perform his past relevant work as a quality control inspector and assistant construction superintendent, as well as other jobs that are available in significant numbers in the national economy, including cafeteria attendant, cleaner, and marker.

Petersin now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

---

[1] Record cites are to the administrative transcript located at Dkt. 10.

ANALYSIS

**A. Subjective complaints**

As the ALJ found, Petersin suffers from the severe impairments of degenerative disc disease at multiple levels of his spine, left hip tendon repair, and obesity. The ALJ summarized Petersin's complaints of pain as follows: "The claimant reported that pain interferes with all jobs and that he has pain in his back, ankles, knees, shoulders, hands, fingers, and neck. He reported frequent headaches, numbness, swelling, and stiffness. He reported pain with walking and difficulty sleeping due to pain." R. 55. Petersin cites specific statements from the record, including the following:

- it sometimes feels like "somebody's stabbing [him] with an ice pick right between [his] shoulder blades," R. 82;

- he has difficulty sleeping on his left side because of hip pain, on his right side because of shoulder pain and numbness in his hand, and on his back because of neck pain; this leads him to take naps during the day, R. 84;

- if he walks for more than 10 or 15 minutes, he has hip pain, his ankles and knees become swollen, and his lower back tightens, R. 85;

- he cannot sit for more than 15 or 20 minutes without getting stiff; if he's working at the computer, he gets pain in his neck and shoulder and his hands go numb, R. 86, 704;

- lifting a gallon of milk exacerbates his shoulder pain, R. 87;

- he has difficulty wiping himself after using the toilet because his back is too tight to allow him to reach, R. 89;

- his hands go numb when holding a phone, R. 86.

Both parties assume that Petersin would qualify as disabled if the ALJ had credited these statements. But the ALJ found that Petersin's statements "are not entirely consistent with the

medical evidence and other evidence in the record for the reasons explained in this decision." R. 55.

The standard for reviewing an ALJ's evaluation of a claimant's subjective complaints is deferential. *Schomas v. Colvin*, 732 F.3d 702, 708 09 (7th Cir. 2013). But there is a key requirement that the court of appeals has emphasized time and again: the ALJ must explain his reasoning for discrediting the claimant's statements to allow meaningful review on appeal. *See, e.g.*, *Plessinger v. Berryhill*, 900 F.3d 909, 916 (7th Cir. 2018) *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015); *Moore v. Colvin*, 743 F.3d 1118, 1124 (7th Cir. 2014); *Martinez v. Astrue*, 630 F.3d 693, 696–97 (7th Cir. 2011); *Villano v. Astrue*, 556 F.3d 558, 562–63 (7th Cir. 2009). The ALJ in this case didn't comply with that basic requirement.

After finding that Petersin's statements weren't "entirely consistent" with other evidence, the ALJ devoted the next two pages of his decision to a summary of Petersin's medical records. R. 55–56. "[B]ut a summary isn't a substitute for analysis." *Plemon v. Kijakazi*, 2022 WL 842914, at *3 (W.D. Wis. 2022). Some of the medical records showed unremarkable findings and others showed limitations and pathologies, but the ALJ failed to explain why some medical records were more persuasive or more informative than others. The ALJ didn't connect his conclusion to any of the factors relevant to assessment of subjective complaints, such as the extent of Petersin's treatment, his daily activities, his work during the disability period, or any inconsistent statements. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).

An ALJ's reasons for discrediting a claimant's statements may not be implied. *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003). The ALJ failed to build a logical bridge between the evidence and his conclusion that Petersin's testimony was not credible, so a remand is required. *See Villano*, 556 F.3d at 562–63.

4

A liberal reading of the ALJ's opinion might suggest that the ALJ intended to reject Petersin's statements as insufficiently supported by objective evidence. That seems to be the ALJ's purpose in summarizing Petersin's medical records. But if that was the basis for the ALJ's finding, more was required. It is well established that an "ALJ may not discount a claimant's credibility just because her claims of pain are unsupported by significant physical and diagnostic examination results." *Pierce v. Colvin*, 739 F.3d 1046, 1049 50 (7th Cir. 2014).

The commissioner's defense of the ALJ's decision isn't persuasive. The commissioner says first that the ALJ isn't required to discuss every piece of evidence or every factor relevant to assessing subjective complaints. That's true but unhelpful. The fundamental problem with the ALJ's decision isn't that it failed to address every possible factor or every piece of evidence; the problem is that the decision doesn't provide an analysis of *any* factor relevant to an assessment of Petersin's complaints of pain.

The commissioner also says that the ALJ *did* discuss the relevant factors. She points to portions of the decision that mention Petersin's multiple surgeries and his activities of daily living, such as managing his finances and helping with household chores. Dkt. 15, at 12 (citing R. 52, 54–57). But the passages the commissioner cites are limited to summaries of the evidence; they include no explanation of how the ALJ weighed Petersin's treatment, activities, or limitations in participating in those activities when determining whether to credit Petersin's subjective complaints. A remand is required to allow the ALJ to reassess the evidence and explain the reasoning for his decision.

Petersin asserts related arguments that the ALJ failed to acknowledge Petersin's testimony that he needs to take naps three times a week and that the ALJ failed to consider whether Petersin's pain or naps would cause him to be off task so much that he would be

5

precluded from working. But the ALJ's failure to discuss testimony about naps and being off task are additional examples of the ALJ's failure to properly assess Petersin's subjective complaints, so it isn't necessary to consider those issues separately. Petersin is free to direct the ALJ's attention to the issues on remand.

## B.  Light work

The ALJ found that Petersin had the ability to perform "light work as defined in 20 CFR 404.1567(b)," with a few additional restrictions. R. 55. Petersin says that was an error because § 404.1567(b) doesn't describe the number of hours that an employee doing light work can stand, sit, walk, lift, or carry. Instead, it uses words like "frequent," "good deal," and "most of the time." To comply with the requirements in SSR 96-8p, Petersin says that the ALJ needed to identify a specific amount of time that Petersin could perform these activities.

Petersin's argument fails because the more general definition of light work in § 404.1567(b) is clarified in SSR 83-10 and provides specific time limitations. SSR 83-10 is a longstanding rule that is often cited by the court of appeals to define light work. *See, e.g.*, *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022); *Poole v. Kijakazi*, 28 F.4th 792, 796 (7th Cir. 2022); *Hill v. Colvin*, 807 F.3d 862, 866 (7th Cir. 2015). So it is reasonable to infer that the ALJ's RFC incorporated SSR 83-10 even if he didn't expressly cite it.

In his reply brief, Petersin contends that SSR 83-10 doesn't help because that rule "envisions several possible ranges of work falling within its ambit." Dkt. 18, at 10. It's true that light work is a category, not a precise definition. But in the absence of express limitations in the ALJ's decision, it is reasonable to infer that an ALJ's reference to light work encompasses the maximum amounts specified in the category. The court isn't persuaded that the ALJ's

failure to expressly identify the maximum amount of time that Petersin could perform exertional activities is a separate ground for reversal.

CONCLUSION

The court will remand the case to allow the ALJ to conduct a new assessment of Petersin's subjective complaints.

ORDER

IT IS ORDERED that the decision denying Gregory Allen Petersin's application for disability insurance benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered January 9, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge